**BLANKROME**

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone: (212) 885-5568
Fax: (917) 591-9898
Email: aroberts@blankrome.com

August 28, 2020

**Via ECF**

Hon. Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 4E-N
Brooklyn, New York 11201

      Re: *Assaf Cohen and Victoria Cohen v. Ridgewood Savings Bank, et al.*,
          **Case No. 19-cv-05500 (RPK) (RML) (E.D.N.Y.) Pre-Motion To Dismiss Letter**

Your Honor:

This firm represents defendants Ridgewood Savings Bank ("Ridgewood") and Cenlar FSB ("Cenlar" collectively with Ridgewood, the "Defendants") and writes pursuant to Your Honor's Rules to request leave to file a motion to dismiss Plaintiffs Assaf Cohen and Victoria Cohen's ("Plaintiffs") Amended Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

**I.    Relevant Background**

On June 10, 2016, Plaintiffs made, executed and delivered a Note and Mortgage to Ridgewood encumbering the property located at 1447 East 24th Street, Brooklyn, New York 11210 (the "Property"). Plaintiffs defaulted under the Note and Mortgage, and, on June 4, 2019, Ridgewood commenced a foreclosure action in the Supreme Court of New York, Kings County entitled *Ridgewood Savings Bank v. Assaf Cohen, et al.*, Index No. 512353/2019 (the "Foreclosure Action"). Plaintiffs filed an Answer with Counterclaims (the "Answer"), which challenge the application of payments on the Loan and allege TILA and RESPA violations and violations of federal and state regulatory statutes and programs designed to protect consumers.

After the Foreclosure Action was commenced, Plaintiffs commenced this action against Defendants by filing a Complaint in the Eastern District of New York on September 27, 2019.[1] Plaintiffs moved for a default judgment against Ridgewood, which Defendants opposed. After the May 6, 2020 status conference, Plaintiffs agreed to vacate the entry of default against Ridgewood and withdraw their motion for default. Plaintiffs further requested a 60-day stay of the action to submit a loan modification application, which the Court granted. The action was further stayed until August 4, 2020 to allow Plaintiffs additional time to submit the application. At the August

---

[1] Plaintiffs never served Cenlar with the Complaint. Counsel for Cenlar agreed to accept service on behalf of Cenlar if Plaintiffs withdrew the motion for default against Ridgewood.

BLANKROME

August 28, 2020
Page 2

4, 2020 conference, Plaintiffs advised they no longer were interested in submitting a modification application and requested time to file an Amended Complaint, which the Court granted. On August 18, 2020, Plaintiffs timely filed an Amended Complaint, which purports to allege claims for, among other things: (1) Fair Credit Reporting Act ("FCRA") violations; (2) Truth in Lending Act ("TILA") violations; (3) Real Estate Settlement Procedures Act ("RESPA") violations; (4) conversion; and (5) breach of contract. Defendants now seek leave to file a motion to dismiss the Amended Complaint. This Court should dismiss the Amended Complaint because (i) this Court lacks subject matter jurisdiction; and (ii) it fails to state a claim against Defendants.

II. **The Court Should Abstain from Exercising Jurisdiction Over Plaintiffs' Amended Complaint Based on the *Colorado River* Doctrine**

Plaintiffs' Amended Complaint is barred by the *Colorado River* doctrine because of the prior pending Foreclosure Action. "In situations involving the contemporaneous exercise of concurrent jurisdiction," a federal court may abstain from exercising jurisdiction if parallel state court litigation might result in "comprehensive disposition of litigation" and abstention "would conserv[e] judicial resources." *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). When determining whether a Court should abstain from exercising jurisdiction over a claim brought before it, "a court must make a threshold determination that the federal and state court cases are 'parallel.'" *Dalzell Mgmt. Co., Inc. v. Bardonia Plaza, LLC,* 923 F. Supp. 2d 590, 597 (S.D.N.Y. 2013) (quoting *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)). "Federal and state proceedings are 'parallel' for abstention purposes when the two proceedings 'are essentially the same,' meaning that 'there is an identity of parties, and the issues and relief sought are the same.'" *Id.* (quotation and citation omitted). However, to be parallel, the proceedings need not be identical. *See First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 182 (E.D.N.Y. 2012) (citation omitted). Therefore, "[c]omplete identity of parties and claims is not required; the parallel litigation requirement is satisfied ***when the main issue in the case is the subject of already pending litigation***." *GBA Contr. Corp. v. Fidelity & Deposit Co.*, 2001 U.S. Dist. LEXIS 32 (S.D.N.Y. Jan. 4, 2001) (emphasis added).

Here, this federal action and the Foreclosure Action are parallel because substantially the same issues are involved. The Foreclosure Action involves the validity of the Mortgage and Ridgewood's enforcement of same and the application of Plaintiffs' payments toward the Loan. Plaintiffs' causes of action for violations of the FCRA, TILA, RESPA, GBL, and various New York Administrative Law provisions and Regulations, as well as conversion, breach of contract and good faith and fair dealing, all stem from Plaintiffs' allegations that Defendants did not properly apply Plaintiffs' payments toward the Loan. Thus, both actions clearly involve the same facts and circumstances arising from the same transaction – Plaintiffs' Mortgage Loan and default.

**BLANKROME**

August 28, 2020
Page 3

Where, as here, parallel proceedings exist, a federal court determines whether to abstain by evaluating the six *Colorado River* factors. *See Great South Bay Med. Care, P.C. v. Allstate Ins. Co.*, 204 F. Supp. 2d 492, 496 (E.D.N.Y. 2002).[2]

Here, the *Colorado River* factors weigh in favor of abstention because: (1) the New York State Court already exercised jurisdiction over the *res* – the Property – when the Foreclosure Action was commenced on June 4, 2019 (see *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999) (a foreclosure action is an *in rem* proceeding and the court with custody over the property, i.e., where proceedings *in rem* occur, has exclusive jurisdiction of the case)); (2) the State Court is a more convenient forum, as the parties are already litigating there (*see Lefkowitz v. Bank of New York*, 676 F.Supp.2d 22, 275 (S.D.N.Y. 2009) ("there is plainly an inconvenience in having to litigate actively in both state and federal courts at the same time.")); (3) Plaintiffs purport to challenge the Mortgage Loan and their payments thereunder in both this action and the Foreclosure Action, and thus there is substantial danger of piecemeal litigation and inconsistent decisions by engaging a new court (*see Inn Chu Trading Co. Ltd. v. Sara Lee Corp.,* 810 F.Supp. 501, 508 (S.D.N.Y. 1992) (holding that abstention was appropriate where the "linchpin" of the claims in the federal suit was the same issue at the core of the state court action)); (4) the Foreclosure Action was commenced prior to the commencement of this action; and (5) Plaintiffs do not assert, nor can they show, that the State Court's procedures in the Foreclosure Action are somehow inadequate to protect their rights. Accordingly, this Court must dismiss Plaintiffs' Amended Complaint.

### III. Plaintiffs' Amended Complaint Fails to State a Claim Against Defendants

Plaintiffs' Amended Complaint also fails to state a claim. First, Plaintiffs' FCRA claim fails to specifically allege: (1) they initiated a dispute **with a credit reporting agency**; (2) the credit reporting agency provided Defendants with notice of the dispute; and (3) Defendants failed to take appropriate action regarding the dispute. 15 U.S.C. § 1681s–2(b)(1)(A)-(E). Second, Plaintiffs' FDCPA claim fails because Plaintiffs do not even allege Cenlar provided them with a notice or communication required under the FDCPA. *See generally*, Am. Compl. Further, Plaintiffs merely recite the statute and fail to allege Cenlar engaged in any specific communication that was false, deceptive and/or misleading to Plaintiffs. Finally, Plaintiffs' TILA claims fail because no private right of action exists against a loan servicer under TILA or Regulation X under RESPA.[3]

---

[2] These factors are: (1) whether the controversy involves a *res* over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights. *See Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001).

[3] Defendants reserve the right to assert additional arguments in their Motion to Dismiss.

**BLANKROME**

August 28, 2020
Page 4

For all these reasons, Defendants respectfully request a pre-motion conference to request leave to file a motion to dismiss the Amended Complaint pursuant to Rule 12(b).

                                                  Very truly yours,

                                                 Andrea M. Roberts