UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ASSAF COHEN and VICTORIA COHEN,

                Plaintiffs,                  **MEMORANDUM & ORDER**
                                                              19-CV-5500 (RPK) (RML)

    - against -

RIDGEWOOD SAVINGS BANK and
CENLAR FSB,

                Defendants.
---------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    More than seven months ago, defendants Ridgewood Savings Bank and Cenlar FSB filed a motion to dismiss this action. Although plaintiffs Assaf Cohen and Victoria Cohen were ordered to file an opposition brief within 30 days, and then granted two extensions, they still have not filed their opposition brief. And they have disregarded the Court's warning about three months ago that failure to file their opposition could result in dismissal of their case. For the reasons that follow, plaintiffs' claims are dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiffs commenced this action on September 27, 2019, *see* Compl. (Dkt. #1), and filed the operative amended complaint on August 18, 2020, *see* Am. Compl. (Dkt. #22). Plaintiffs allege violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and related state law claims. *See generally* Am. Compl.

    On August 28, 2020, defendants requested a pre-motion conference for an anticipated motion to dismiss. *See* Defs.' Ltr. Mot. (Dkt. #23). I set a briefing schedule for the motion to dismiss without holding a pre-motion conference. Under that schedule, defendants' motion was

due on November 2, 2020, and plaintiffs' response was due on December 2, 2020. *See* Order (Oct. 2, 2020). Defendants timely filed their motion to dismiss. *See* Defs.' Mot. to Dismiss (Dkt. #28). Two days before plaintiffs' response was due, plaintiffs requested that the deadline for their response be extended to January 5, 2021. *See* Pls.' Mot. for Extension (Dkt. #29). I granted that request. *See* Order (Dec. 1, 2020). On January 5, 2021—plaintiffs' new filing deadline—plaintiffs requested a further two-week extension. *See* Pls.' Mot. for Extension (Dkt. #30). I granted that request as well. *See* Order (Jan. 6, 2021). But plaintiffs did not file any response to defendants' motion on the revised due date of January 19, 2021.

On March 25, 2021, I issued an order directing plaintiffs to file their response by April 20, 2021. I warned plaintiffs that if they failed to do so, their lawsuit might be dismissed based on their failure to prosecute. *See* Order (Mar. 25, 2021). Plaintiffs did not file a response to the motion, and they have not had any further contact with the Court since their January extension request. As a result of plaintiffs' failure to respond to the motion to dismiss or the Court's subsequent order, this case has been stalled for approximately six months.

## LEGAL STANDARD

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Although the text of Rule 41(b) refers to a defendant's motion, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Courts evaluating dismissal under Rule 41(b) must consider:

(1) the duration of the plaintiff's failures,
(2) whether [the] plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,

2

(4) whether [dismissal] . . . strik[es] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and

(5) . . . the efficacy of lesser sanctions.

*Ibid.* When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

While dismissal is a "harsh remedy to be utilized only in extreme situations," *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quotations omitted), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Id.* at 43 (quoting Fed. R. Civ. P. 41(b)).

## DISCUSSION

All five of the Rule 41(b) dismissal factors weigh in favor of dismissing plaintiffs' case without prejudice. I address each factor in turn.

*First*, the duration of the delay caused by petitioner has been unreasonable. *See LeSane*, 239 F.3d at 209. Plaintiffs have failed to respond to defendants' motion to dismiss, ignored two court-ordered deadlines, and stalled this case for approximately six months. Days or weeks of delay "typically do[] not warrant dismissal." *Chavis v. City of New York*, No. 17-CV-9518, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018). But courts have consistently found that delays in the range of six months counsel in favor of that outcome. *See, e.g.*, *Terry v. City of New York*, No. 20-CV-81, 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (over six months of delay); *Morgan v. Does Nos. 1-3*, No. 18-CV-2571, 2020 WL 5646133, at *2 (S.D.N.Y. Sept. 22, 2020) (same); *Greene v. City of New York*, No. 19-CV-873, 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting

decisions dismissing for failure to prosecute following delays of "five months or less"), *report and recommendation adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020); *Kent v. Scamardella*, No. 07-CV-844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (delay of three months "weigh[ed] strongly in favor of dismissal" when it "functioned as a complete block to moving th[e] litigation forward"); *Chavis*, 2018 WL 6532865, at *3; *see also, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (upholding dismissal under Rule 41(b) when plaintiff caused a "significant" delay of more than seven months); *Lyell Theatre Corp.*, 682 F.2d at 42-43 (noting that "persistent late filings of court ordered papers . . . may warrant dismissal after merely a matter of months"). Moreover, plaintiffs have altogether failed to communicate with the Court for over five months. *See Gonzalez v. City of New York*, No. 17-CV-1824, 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018) (dismissing case for failure to prosecute because plaintiff failed to comply with Court orders "in the preceding three months"); *Smalls v. Bank of New York*, No. 05-CV-8474, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where plaintiffs failed to comply with Court orders and "there ha[d] been no activity in this case or communication from plaintiffs for nearly two months").

*Second*, plaintiffs have been provided notice that further delays could result in dismissal, *see LeSane*, 239 F.3d at 209. My order on March 25, 2021 expressly warned plaintiffs that, if they failed to file an opposition brief, I "may dismiss the case for failure to prosecute or grant the motion to dismiss as unopposed." *See* Order (Mar. 25, 2021).

*Third*, defendants are "likely to be prejudiced by further delay," *LeSane*, 239 F.3d at 209. Courts may presume such prejudice when, as here, plaintiffs have caused an "unreasonable delay." *Id.* at 210 (quotations omitted); *see, e.g.*, *Terry*, 2020 WL 5913409, at *2 (citation omitted).

*Fourth*, dismissal without prejudice properly strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard," *LeSane*, 239 F.3d at 209.

*Finally*, because plaintiffs have failed to respond to court orders over a lengthy period, I cannot conclude that any sanction less than dismissal without prejudice would be efficacious, *see LeSane*, 239 F.3d at 209.

## CONCLUSION

Plaintiffs' action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court is respectfully directed to terminate defendants' motion to dismiss, Dkt. #28, and to close the case.

SO ORDERED.

                                               */s/ Rachel Kovner*
                                               RACHEL P. KOVNER
                                               United States District Judge

Dated: June 22, 2021
       Brooklyn, New York